**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

MICHAEL ST. CLAIR,

        Petitioner,

v.                                     Case No. 24-CV-275-RAW-GLJ

CHRISTE QUICK, Warden,

        Respondent.

## OPINION AND ORDER

Petitioner Michael St. Clair ("St. Clair"), a state prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2241, seeking an order commanding the State of Oklahoma to release him from custody. Dkts. 2 and 13. St. Clair raises two (2) grounds for relief. *See* Dkt. No. 2 at 6. Having considered St. Clair's Petition for Writ of Habeas Corpus ("Petition") and Brief in Support (Dkts. 2 and 13), Respondent's Motion to Dismiss Petition as Untimely ("Motion") and Brief in Support (Dkts. 14 and 15), St. Clair's Response (Dkt. 18) and applicable law, the court finds and concludes that Respondent's Motion shall be granted.

## BACKGROUND

In 1991, St. Clair was convicted, in Murray County District Court Case No. CFR-1990-82, on two counts of first-degree murder and one count of solicitation for murder in the first degree. Dkt. 13-4. As to each of the murder charges, St. Clair was sentenced to life in prison without the possibility of parole. *Id.* at 2. As to the solicitation charge, he was sentenced to life in prison. *Id.* In 1994, St. Clair was convicted, in Choctaw Cunty District Court Case No. CRF-1990-145, on two additional counts of first-degree murder. Dkt. 13-3. St. Clair was sentenced to life without the possibility of parole on each count, with both counts running consecutively to each other and

the sentences imposed in Murray County.  *Id.* at 2.  The OCCA affirmed his Choctaw County convictions in 1995.  *See* Dkt. 15-1.

In 1991, while awaiting sentencing, St. Clair escaped imprisonment and traveled to Kentucky where he committed another murder.  *St. Clair v. Commonwealth*, 455 S.W.3d 869, 877 (Ky. 2015).  St. Clair was later apprehended in Oklahoma and returned to state custody.  *Id.* at 877-78.

St. Clair's instant Petition arises from an agreement between the State of Oklahoma and the Commonwealth of Kentucky for St. Clair's extradition to Kentucky for prosecution.  *See* Dkt. No. 13-5 ("Executive Agreement").  The Executive Agreement provides:

> IT IS HEREBY AGREED by the undersigned Governor of the Commonwealth of Kentucky and the undersigned Governor of the State of Oklahoma that in the event said Fugitive shall be acquitted following a trial in the courts of the Commonwealth of Kentucky, or the prosecution in the Commonwealth of Kentucky is terminated in any manner other than by the imposition of a judgment and sentence of death, fugitive shall be returned to the State of Oklahoma at the expense of the Commonwealth of Kentucky, and that the Governor, or other acting executive authority of the Commonwealth of Kentucky, shall surrender said Fugitive to the duly authorized agents for the State of Oklahoma.

*Id.* at 4.  St. Clair was extradited to Kentucky pursuant to the Executive Agreement, tried separately for capital murder and capital kidnapping and sentenced to death for each.  *See St. Clair*, 455 S.W.3d at 878.  After lengthy proceedings post-conviction, St. Clair's Kentucky cases resulted in a negotiated settlement that resulted in full satisfaction of his Kentucky sentences.  *See* Dkt. 13 at 10-11; Dkt. 13-7.  St. Clair was returned to Oklahoma on November 15, 2018, to carry out the remainder of his Oklahoma sentences.  Dkt. No. 15-6.

On July 22, 2020, St. Clair initiated a state-court habeas action in Pittsburg County District Court Case No. WH-2020-4, contending "his return to Oklahoma was unlawful because it was inconsistent with the terms of his executive agreement."  Dkt. 13-1 at 1-2.  The Pittsburg County

District Court denied relief, and the OCCA affirmed the district court's decision on February 26, 2021. Dkt. No. 13-1. On October 18, 2021, St. Clair filed an application for post-conviction relief in Choctaw County District Court. Dkt. No. 15-14. This application was denied, and, on June 17, 2024, the OCCA affirmed the denial of St. Clair's Choctaw County application for post-conviction relief. Dkt. 13-2.[1]

Next, St. Clair sought § 2241 habeas relief raising identical claims premised upon his Murray County convictions on October 5, 2023. *See St. Clair v. Quick*, Case No. 23-CV-338-JFH-JAR, 2024 WL 4216452, at*2 (E.D. Okla. Sep. 16, 2024) (unpublished).[2] The Honorable John F. Heil, III, denied St. Clair's first federal habeas petition as timebarred. *See id.* at 4. The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") denied St. Clair a certificate of appealability on October 17, 2025. Order, *St. Clair v. Quick*, Case No. 24-7090, 2025 WL 2945819, at *3 (10th Cir. Oct. 17, 2025). Now, St. Clair tries again based on his Choctaw County convictions. Dkts. 2 and 13.

Respondent argues the instant Petition, like his prior § 2241 petition, is timebarred. Dkts. 14 and 15. The court agrees.

### DISCUSSION

### I.    Preliminary Matters

First, in his Response, St. Clair argues the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year statute of limitations does not apply to his Petition. Dkt. 18 at 2-4. The

---

[1] Also on October 18, 2021, St. Clair filed an application for post-conviction relief in Murray County District Court. Dkt. No. 15-12. This application was denied, and, on March 24, 2023, the OCCA affirmed the Murray County district court's denial of St. Clair's application for post-conviction relief. Dkt. No. 15-13.

[2] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

court disagrees.  Section 2241 petitions, like § 2254 petitions, are subject to the AEDPA's time constraints.  *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) ("applications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to a one-year period of limitations."); *see also St. Clair*, 2025 WL 2945819, at *2 ("Section 2241 contains a one-year statute of limitations.").  This court is bound by Tenth Circuit precedent.  *United States v. Spedalieri,* 910 F. 2d 707, 709 n.2 (10th Cir. 1990).  Therefore, St. Clair was required to file his Petition within one year of the applicable triggering date.

Second, St. Clair argues in his Response that "the AEDPA cannot be applied retroactively to his case because it was enacted after the Executive Agreement was executed and he was transferred from Oklahoma to Kentucky."  Dkt. 18 at 4.  Retroactivity concerns may arise where a prisoner has "no avenue to bring a habeas petition because his petition would always be out of time under the new language."  *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998).  However, as explained below, 28 U.S.C. § 2244(d)(1)(D) afforded St. Clair an avenue through which to pursue habeas relief.  Accordingly, this position is unavailing.  Having disposed of these arguments, the court now applies the AEDPA statute of limitations provisions to St. Clair's claims.

## II.    The AEDPA Time Constraints

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one (1) year from the latest of four (4) triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1).  These events include:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Furthermore, statutory tolling suspends the one-year limitations period for the "time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court.  28 U.S.C. § 2244(d)(2).  An application must be filed within the applicable one-year limitations period.  *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

### A.  28 U.S.C. § 2241(d)(1)(A)

The OCCA affirmed St. Clair's Choctaw County convictions in May of 1995.  Dkts. 15-1 and 15-2; *see also* Dkt. 15 at 19.  Dkt. No. 23 at 182-184.  Where a conviction became final before the AEDPA took effect, as is the case with St. Clair, the one-year limitation period for a federal habeas petition starts on AEDPA's effective date, April 24, 1996.  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000); *Hoggro*, 150 F.3d at 1225-26.  Thus, St. Clair should have filed his Petition on or before April 24, 1997.  St. Clair did not file the instant Petition until August 2, 2024, well beyond April 24, 1997.  Dkt. 2.  Accordingly, in the absence of statutory tolling, his claims are untimely under Section 2244(d)(1)(A).

### B.  28 U.S.C. § 2241(d)(1)(B)

In his Response, couched within his equitable tolling argument, St. Clair argues there was a "state-imposed impediment to filing."  Dkt. 18 at 5 (citing 28 U.S.C. § 2244(d)(1)(B)).  First, St.

Clair may not amend his Petition by including additional allegations in his Response. *Cf. Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ("It is well-established, however, that in determining whether to grant a motion to dismiss, the district court … [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint."); *Jones v. Ciolli*, No. 22-CV-3262, 2023 WL 11888941 at *1 (D. Colo. May 3, 2023) (unpublished) (applying *Jojola's* principle to writ of habeas corpus). Furthermore, St. Clair's "filings are not entitled to 'the mandated liberal construction afforded to pro se pleadings.'" *Rawle v. Wyo. Dep't of Corr. State Penitentiary Warden*, 390 F. App'x 769, 773 n.4 (10th Cir. 2010) (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999)). For these reasons alone, any reliance by St. Clair on § 2241(d)(B) should not be honored.

Nevertheless, even if the court construes the passing reference to § 2244(d)(1)(B) as St. Clair invoking an alternate trigger date, St. Clair's position is unavailing. St. Clair argues,

> it was not until February 26, 2021, that the state court ruled on what the proper state judicial forum was available to [St. Clair]. In [St. Clair's] view, this was a state-create impediment that prevented [St. Clair] from filing what the state courts deemed the correct mode of presentation under the Post-Conviction Procedure Act.

Dkt. 18 at 7-8. "Section 2244(d)(1)(B), however, only applies to impediments that violate the Constitution or federal law, and St. Clair provides no argument suggesting that the state law at issue is unconstitutionally vague." *St. Clair*, 2024 WL 4216452, at *2. Accordingly, § 2241(d)(1)(B) is inapplicable to St. Clair's claims.

### C.  28 U.S.C. § 2241(d)(1)(D)

Respondent argues November 8, 2018, the date of St. Clair's return to Oklahoma, is the latest date on which the factual predicate could have been discovered through the exercise of due diligence. Dkt. 15 at 21-22. St. Clair acknowledges on November 7, 2018, he was informed he would be transferred back to Oklahoma, and on November 8, 2018, he was released to transport

6

agents and transported back to Oklahoma. Dkt. 13 at 24-25. He arrived back in Oklahoma on November 15, 2018. *Id.* at 25.

Giving St. Clair the benefit of November 15, 2018, as the latest date on which the factual predicate of his claim was discovered, St. Clair needed to file his Petition on or before November 16, 2019. *St. Clair,* 2025 WL 2945819, at *2 (The district court "correctly concluded that [St. Clair] needed to file his § 2241 application no later than November 16, 2019."). As noted, St. Clair waited until August 2, 2024, to file his Petition. Dkt. 2. Therefore, pursuant to 28 U.S.C. § 2241(d)(1)(D), his Petition is untimely.[3]

### III.    Statutory Tolling

St. Clair is not entitled to any statutory tolling. Statutory tolling only applies to applications for state post-conviction or other collateral review filed within the one-year limitations period prescribed in § 2241(d)(1). *Clark,* 468 F.3d 714; 28 U.S.C. § 2244(d)(2). St. Clair did not seek post-conviction or collateral review of his claims from a state court until July 22, 2020 (Dkt. 13-1 at 1-2), beyond November 16, 2019. *St. Clair,* 2025 WL 2945819, at *2 ("The district court also correctly concluded that nothing entitled [St. Clair] to statutory tolling because he failed to pursue collateral review of his claims until 'well after' the November 16, 2019, deadline."). In all, it is clear St. Clair's Petition was filed beyond the AEDPA's statute of limitations, and it is time-barred.

### IV.    Equitable Tolling

In his Response, St. Clair argues "equitable tolling makes the Petition timely[.]" Dkt. 18 at 5; *see also id.* at 5-9. St. Clair explains he "did not sit on his rights. He contacted lawyers, eventually retaining the undersigned in March, 2019." *Id.* at 5. St. Clair outlines his counsel's

---

[3] St. Clair did not allege any facts in his Petition triggering 28 U.S.C. § 2244(d)(1)(C). *See* Dkts. 2 and 13. Therefore, the court does not analyze this subsection.

difficulty ascertaining the correct procedure to exhaust St. Clair's claims in state court. *See id.* at

6-8. St. Clair summarizes:

> [St. Clair] was faced with uncertain state law legal avenues to present his claims, ultimately chose to file a state habeas action, lost that then appealed to the OCCA, which turned out to be the wrong one, then filed the right one in the form of a post-conviction application and then appealed that to the OCCA prior to filing the instant Petitio[n] in this Court.
>
> [St. Clair] has been diligent and amassed a record of what he estimates is over 300 phone calls to counsel, which is probably accurate, in which he sought clarification on filing dates and urged counsel to timely file his legal paperwork.

Dkt. 18 at 8-9.

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, St. Clair's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotation marks omitted) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)). Equitable tolling is only available in "rare and exceptional circumstances[.]" *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Nothing in St. Clair's Petition indicates extraordinary circumstances precluded the timely submission of the instant action.

St. Clair's arguments in favor of equitable tolling are insufficient. Deficient performance by legal counsel does not provide a basis for equitable tolling. *Gunderson v. Abbott*, 172 F. App'x 806, 810 (10th Cir. 2006) (Noting that "attorney error is generally not a basis for equitable tolling of the federal habeas deadline[]" and citing *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir.2003)

(applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")); *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [for equitable tolling purposes]")); *see also Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990) (A "garden variety claim of excusable neglect" does not trigger equitable tolling). While St. Clair does not explicitly argue his counsel was negligent (*see* Dkt. 18), the court notes even "counsel's negligence is not generally a basis for equitable tolling because '[t]here is no constitutional right to an attorney in state post-conviction proceedings.'" *Fleming v. Evans,* 481 F.3d 1249, 1255 (10th Cir. 2007) (quoting *Coleman v. Thompson,* 501 U.S. 722, 752 (1991)).

Counsel's uncertainty surrounding Oklahoma's post-conviction procedures likewise does not amount to an extraordinary circumstance. *See*, *e.g.*, *Pace v. Vaughn*, 71 F. App'x 127, 129 (3d Cir. 2003) (Holding "the lack of certainty as to how [state] courts would interpret the [state law] is not an 'extraordinary' circumstance."), *aff'd*, 544 U.S. 408 (2005). For these reasons, the court concludes St. Clair failed to establish his failure to timely file was caused by extraordinary circumstances beyond his control and, therefore, he is not entitled to equitable tolling.[4]

## CONCLUSION

The court finds and concludes St. Clair cannot obtain federal habeas relief under 28 U.S.C. § 2241. St. Clair's Petition is time-barred. The court, therefore, dismisses the Petition. The court further concludes that no certificate of appealability shall issue because no reasonable jurists would

---

[4] While a petition otherwise subject to dismissal for untimeliness may be heard on the merits upon a proper showing of actual innocence, St. Clair does not invoke the actual-innocence doctrine. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

debate the dismissal of the Petition on statute-of-limitations grounds.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    **IT IS THEREFORE ORDERED** that the Motion to Dismiss (Dkt. 14) is **GRANTED**; the Petition (Dkt. 2) is **DISMISSED**; a certificate of appealability is **DENIED**; and a separate judgment shall be entered in this matter.

    **DATED** this 24th day of March, 2026.

 

_____
RONALD A. WHITE
UNITED STATES SENIOR DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA